﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 191204-47717
DATE: August 31, 2020

REMANDED

Entitlement to an effective date prior to August 28, 2014, for the award of service connection for coronary artery disease (CAD) with a 100 percent rating is remanded.

REASONS FOR REMAND

The Veteran served on active duty from July 1965 to January 1969. By way of background, a Department of Veterans Affairs (VA) Regional Office (RO) issued a rating decision in July 2011 that denied service connection for ischemic heart disease. The Veteran appealed such denial to the Board of Veterans’ Appeals (Board) and, in January 2018, the Board remanded the claim for additional development. While the claim was pending on Remand, in November 2018, the Veteran withdrew his legacy appeal and opted in to the Rapid Appeals Modernization Program (RAMP), which was a test program for the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA), by filing a supplemental claim. 

In a February 2019 rating decision, which was issued in March 2019, the Agency of Original Jurisdiction (AOJ) awarded service connection for CAD, which had been claimed as ischemic heart disease, with an initial 100 percent rating, effective August 28, 2014. In October 2019, the Veteran filed a Decision Review Request: Supplemental Claim (VA Form 20-0995). 38 C.F.R. § 3.2400. As such, in a November 2019 rating decision, the AOJ denied an earlier effective date for the award of service connection for CAD with an initial 100 percent rating. The Veteran timely appealed such decision by filing a Decision Review Request: Board Appeal (Notice of Disagreement) (VA Form 10182) in December 2019. As such, the Board’s review is limited to the evidence of record at the time of the issuance of the rating decision on November 20, 2019.

Entitlement to an effective date prior to August 28, 2014 for the award of service connection for CAD with a 100 percent rating.

In the instant case, the Veteran’s ischemic heart disease, characterized as CAD, was service-connected as presumptively related to his acknowledged in-service exposure to herbicide agents coincident with his service in the Republic of Vietnam. In this regard, ischemic heart disease was added to the list of diseases presumed to be related to herbicide exposure effective August 31, 2010, and the Veteran’s original claim for service connection for such disease was received on May 16, 2011. As his claim for service connection for ischemic heart disease was received within one year of the date of the enactment of the liberalizing law, an effective date of August 31, 2010, may be assigned if the evidence shows that he met all eligibility criteria for the liberalized benefit on the effective date of the liberalizing law or VA issue and such eligibility existed continuously from that date to the date of claim or administrative determination of entitlement. 38 C.F.R. § 3.114(a)(1).

In the instant case, the AOJ awarded service connection for CAD with a 100 percent rating as of August 28, 2014, the date of a Disability Benefits Questionnaire (DBQ) that reflected a diagnosis of CAD that resulted in a metabolic equivalent (MET) level of 1 to 3. However, the Veteran contends that he met the criteria for a diagnosis of ischemic heart disease prior to such date. In this regard, the AOJ found that, based primarily on a June 2011 VA examiner’s opinion, the Veteran did not have such a diagnosis prior to the DBQ completed on August 28, 2014. In contrast, in an October 2019 letter, Dr. J.F. opined that it was more likely than not that the Veteran had clinically significant ischemic heart disease since April 2001. 

Thus, in light of the conflicting opinions of record and the lack of findings pertaining to the severity of the Veteran’s CAD, if present, prior to August 28, 2014, the Board finds that a remand is necessary in order to cure a pre-decisional duty to assist error by obtaining an opinion addressing the date of onset of the Veteran’s ischemic heart disease that resolves the conflict in the record and, if present prior to August 28, 2014, the nature and severity of all manifestations of such disability. 

The matter is REMANDED for the following action:

Forward the record, to include a copy of this Remand, to an appropriate clinician so as to obtain an opinion addressing the date of onset of the Veteran’s CAD and, if present prior to August 28, 2014, the nature and severity of all manifestations of such disability. The need for an examination of the Veteran is left to the discretion of the clinician selected to write the opinion.

Following a review of the record, to specifically include the Veteran’s treatment records, the June 2011 VA examination report, the August 2014 DBQ, and Dr. J.F.’s October 2019 letter, the examiner should address the following inquiries:

(A) Is it at least as likely as not (i.e., a 50 percent or greater probability) that the Veteran had a diagnosis of ischemic heart disease at any time prior to August 28, 2014? If so, please identify the date of onset. 

(B) If the Veteran is found to have a diagnosis of ischemic heart disease during the period from August 31, 2010, to August 28, 2014, the examiner is requested to describe the nature and severity of all manifestations of such disease during such time period, to include addressing whether continuous medication was required, the METs level, whether there was evidence of cardiac hypertrophy or dilatation, the left ventricular ejection fraction, and whether there was acute or chronic congestive heart failure.

A rationale for any opinion offered should be provided.

 

 

A. JAEGER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Waite

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.